IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
Tyler Division

| | | |
|---|---|---|
| Raylon, LLC<br>    a Texas Limited Liability Company,<br>    Plaintiff<br><br>v.<br><br>Complus Data Innovations,<br>    a New York Corporation,<br>Casio America, Inc.,<br>    a Delaware Corporation,<br>Casio Computer Co., Ltd.,<br>    a Japanese Corporation,<br><br>    Defendants | § § § § § § § § § § § § § § § § § | Civil Action No. _____<br><br><br><br><br>Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Plaintiff, Raylon, LLC (hereafter referred to as "Raylon") for its claims against Defendants and alleges as follows:

**THE PARTIES**

1. Plaintiff, Raylon, LLC is a Texas limited liability company and has a principal place of business in Tyler, Texas.

2. Defendant, Complus Data Innovations, Inc., is a New York corporation with a principal place of business at 560 White Plains Road, Tarrytown, New York, 10591, and is doing business in the State of Texas directly or indirectly.

3.      Defendant, Casio America, Inc. is a Delaware corporation with a principal place of business at 570 Mount Pleasant Avenue, Dover, New Jersey, 07801 and is doing business in the State of Texas directly or indirectly.

4.      Defendant, Casio Computer Co., Ltd. is a Japanese corporation with a principal place of business at 6-2, Hon-Machi 1-Chome, Shibuya-ku, Toyko 151-8543, Japan, and is doing business in the State of Texas directly or indirectly.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Act of the United States, Title 35, United States Code. The court has subject matter jurisdiction conferred under 28 U.S.C. §§ 1331 and 1338.

6.      Venue properly lies in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §1391 and § 1400(b).

7.      The court has personal jurisdiction over each Defendant because each Defendant has conducted business and continues to conduct business in the state of Texas directly or indirectly relating to the controversy at issue and each Defendant is believed to have purposefully availed itself of the benefits of the forum state. The Defendants, directly or through intermediaries, ships, distributes, offers for sale, sells, and advertises (on an interactive website) its products in the United States, the State of Texas, and the Eastern District of Texas. Each of these Defendants has purposefully and voluntarily cooperated with each other to place one or more infringing hand-held devices into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products have been and continue to be sold, purchased, and used by consumers and other individuals in

the Eastern District of Texas. Each of these Defendants are believed to have jointly cooperated in acts that constitute patent infringement within the State of Texas, and more particularly, within the Eastern District of Texas.

**FACTUAL BACKGROUND**

8. Raylon is the assignee of all right, title and interest to United States Patent No. 6,655,589 (hereinafter "the '589 Patent") by virtue of an assignment executed by the assignor, De Wayne Humber on July 21, 2009. The Assignment is on file with the U. S. Patent & Trademark Office at Reel/Frame No. 022980/0940.

9. The '589 Patent covers a system for identification investigation and traffic citation issuance. The '589 Patent system includes a programmed hand-held device having housing, input assembly, transceiver, and display, which is used with a printer for printing out traffic citations or other information.

10. The '589 Patent system also uses the identification information from an identification card, such as a driver's license, found on magnetic strip memory.

11. The claimed '589 Patent system is a programmed hand-held computer processor system that is connectable to another computer system so that data and traffic citation information can be transmitted between the hand-held system and the other computer.

12. Defendants Complus Data Innovations, Casio America, Inc. and Casio Computer Co., Ltd. make, use and/or sell a system in the United States (and it is believed in the State of Texas) that possesses all the claimed elements in one or more of the claims in the '589 Patent.

13.    Police officers or other government officials use the Defendants' system in the United States (and it is believed in the State of Texas and the Eastern District of Texas) to investigate identification information and/or issue traffic citations.

14.    The Defendants' system includes a programmed hand-held device that includes a housing, input assembly, transceiver, and display, which is used with a printer for printing out traffic citations or other information. *See e.g., Exhibit 2, Casio IT-3000 Product Sheet.*

15.    The Defendants' system receives information from the magnetic strip on a driver's license or identification card, as well as other information from the input assembly.

16.    The Defendants' system is a programmed hand-held computer processor system that is connectable to another computer system so that data and traffic citation information can be transmitted between the hand-held system and the other computer.

## COUNT I – INFRINGEMENT OF U.S. PATENT 6,655,589

17.    Raylon repeats the allegations of paragraphs 1-16 as if fully set forth herein.

18.    After a full and fair examination, U.S. Patent 6,655,589, entitled "Identification Investigating and Ticket Issuing System" was duly and legally issued on December 2, 2003 ("the '589 Patent"). A copy of the '589 Patent is attached as Exhibit 1 to this Complaint.

19.    Raylon is the owner of the entire right, title, and interest in and to the '589 Patent.

20.    The Defendants have infringed, continue to infringe, induce others to infringe, and/or contribute to the infringement of the '589 Patent by, individually and/or collectively, making, using, and/or selling (or inducing or contributing to those acts by another) a system in the United States (and it is believed in the State of Texas) that possesses all the claimed elements in one or more of the claims in the '589 Patent.

21. Defendants' acts of infringement for the '589 Patent have caused and will continue to cause damage and injury to Plaintiff for which Plaintiff is entitled to relief under 35 U.S.C. § 284. The Plaintiff is entitled to recover from the Defendants the damages sustained by the Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

22. The Defendants' acts of infringement of the '589 Patent have caused and will continue to cause immediate and irreparable injury to Plaintiff for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283. The Defendants' acts of infringement of the '589 Patent will continue to damage the Plaintiff's business and rights, causing irreparable injury and harm, for which there is no adequate remedy of law, unless enjoined by this Court.

23. Defendants' infringement of the '589 Patent has been and continues to be willful and deliberate, and in flagrant disregard of Plaintiff's rights under the '589 Patent.

**WHEREFORE,** Raylon prays for judgment as follows:

1. Adjudge U.S. Patent 6,655,589 to be valid and infringed;

2. Adjudge each of the Defendants to have directly infringed, and/or indirectly infringed the '589 Patent by way of inducement and/or contributory infringement;

3. Preliminarily and permanently enjoin each Defendant, and any other person or entity acting in concert or participation with the each Defendant, from any infringing, inducing the infringement, or contributing to the infringement of activity that is covered by the '589 Patent rights and federal patent law protection;

4. Award Plaintiff damages resulting from the patent infringement,

5. Adjudge the Defendants' infringement to be willful and deliberate acts of infringement, and award enhanced damages for such willful infringement;

6. Adjudge this case to be exceptional, and award the Plaintiff attorney fees and costs incurred in prosecuting this matter;

7. Adjudge the Plaintiff to be entitled to an accounting of Defendants' revenues resulting directly or indirectly from the Defendants' infringement of the '589 Patent, including supplemental damages for any continuing post-verdict infringement up until entry of the Final Judgment;

8. In the event a permanent injunction preventing future acts of infringement is not granted, award the Plaintiff supplemental damages, royalty fee, and/or license fee on all estimated future revenue resulting directly or indirectly from the Defendants' infringement of the '589 Patent up until the expiration of the '589 Patent;

9. Award the Plaintiff costs, pre-judgment and post-judgment interest, expenses, and reasonable attorney fee incurred in bringing and prosecuting this action; and,

10. Award such other and further relief that the Court deems just and proper;

### Jury Demand

Plaintiff hereby demands trial by jury on all issues.

Respectfully submitted,

Dated: 8/6/2009

D. Scott Hemingway
TX Bar No. 09407880
Eugenia S. Hansen
Hemingway & Hansen, LLP
1717 Main Street, Ste. 2500
Dallas, Texas 75225
(214) 292-8301
(214) 739-5209 (fax)
d.hemingway@gte.net
shemingway@hemlaw.org

Corby D. Bell
Texas Bar No. 24036208
Garlitz Bell LLP
3010 LBJ Freeway, Ste. 990
Dallas, TX 75234
(214) 736-7168
(214) 389-4014 (fax)
corby@garlitzbell.com
