**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| RAYLON, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>COMPLUS DATA INNOVATIONS, CASIO AMERICA, INC., CASIO COMPUTER CO., LTD., FUJITSU AMERICA, INC., FUJITSU JAPAN LTD., PSION TEKLOGIX CORPORATION, PSION TEKLOGIX, INC.<br><br>   Defendants. | Case No. 6:09-cv-355 (Davis)<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT PSION TEKLOGIX CORP.'S ANSWER TO PLAINTIFF**
**RAYLON, LLC'S AMENDED COMPLAINT**

Defendant Psion Teklogix Corp. ("Defendant" or "Psion") hereby submits its

Answer to Plaintiff Raylon LLC's ("Plaintiff" or "Raylon") Amended Complaint

("Amended Complaint").

**THE PARTIES**

1.  Psion is without knowledge or information sufficient to form a belief as to

the truth of allegations of Paragraph 1 and therefore denies same.

2.  Psion is without knowledge or information sufficient to form a belief as to

the truth of allegations of Paragraph 2 and therefore denies same.

3.  Psion is without knowledge or information sufficient to form a belief as to

the truth of allegations of Paragraph 3 and therefore denies same.

4.  Psion is without knowledge or information sufficient to form a belief as to

the truth of allegations of Paragraph 4 and therefore denies same.

5.      Psion is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 5 and therefore denies same.

6.      Psion is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 6 and therefore denies same.

7.      Defendant admits Psion Teklogix, Inc. is a Canadian corporation with a principal place of business at 2100 Meadowvale Blvd., Mississauga, Ontario, L5N 7J9. Except as expressly admitted, Defendant denies all allegations in this paragraph.  Further, Defendant denies that jurisdiction and venue are proper based on these or other allegations.

8.      Defendant admits that it is a Delaware corporation with a principal place of business at 3000 Kustom Drive, Hebron, Kentucky, 41048.  Except as expressly admitted, Defendant denies all allegations in this paragraph.  Defendant denies that jurisdiction and venue are proper based on these allegations.

## JURISDICTION AND VENUE

9.      Paragraph 9 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Psion admits that based on the allegations in the Amended Complaint, this action purports to arise under the Patent Act of the United States, Title 35, United States Code, and that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338(a).  Psion denies it has committed any acts of patent infringement.

10.     Psion denies that venue is proper in this district.  For example, 28 U.S.C. § 1391(c) requires venue to be in a district "in which [the defendant] is subject to personal jurisdiction at the time an action is commenced."  Psion is not subject to personal

jurisdiction in this district.  Psion denies that it has committed any acts of patent

infringement.  Psion is without information or knowledge sufficient to form a belief as to

the allegations of subparagraphs (a), (b), and (c) and thus denies those allegations.

Except as expressly admitted, Psion denies all other allegations of Paragraph 10.

   11.  Psion denies it is subject to personal jurisdiction in this district.  Psion

denies it has committed any acts of patent infringement and further denies all other

allegations of Paragraph 11 to the extent such allegations pertain to Psion.  Psion is

without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 11 to the extent such allegations pertain to other parties and

therefore denies same.  Further, except as expressly admitted, Psion denies all other

allegations of Paragraph 11.

## FACTUAL BACKGROUND

   12.  Psion admits Assignment No. 022980/0940 identifies Raylon as the

assignee of United states Patent No. 6,655,589 ("the '589 patent").  Psion is without

knowledge or information sufficient to form a belief as to the validity of this assignment.

Except as expressly admitted, Defendant denies all allegations in this paragraph.

   13.  Psion admits that what the '589 patent purports to cover is defined by the

claims of the patent.  Psion further admits that the claims reference a "housing,"  "input

assembly," "transceiver," and "display," among numerous elements and limitations.

Except as expressly admitted, Defendant denies all allegations in this paragraph.

   14.  To the extent the term "'589 patent system" is understood, Psion avers that

such a system is defined by the claims of the patent.  Except as expressly admitted,

Defendant denies all allegations in this paragraph.

15.     To the extent the term "'589 patent system" is understood, Psion avers that such a system is defined by the claims of the patent.  Except as expressly admitted, Defendant denies all allegations in this paragraph.

16.     Psion denies that any product is "Defendants' System" and therefore denies the allegations of this paragraph.

17.     Psion admits that Complus Data Innovations has purchased or used Psion products.  Psion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and therefore denies same.

18.     Psion denies that any product is "Defendants' System" and therefore denies the allegations of this paragraph.

19.     Denied.

20.     Denied.

21.     Psion denies that any product is "Defendants' system" and therefore denies the allegations of this paragraph.

22.     Psion denies that any product is "Defendants' system" and therefore denies the allegations of this paragraph.

23.     Psion denies that any product is "Defendants' System" and therefore denies the allegations of this paragraph.

24.     Psion denies that any product is "Defendants' System" and therefore denies the allegations of this paragraph.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,655,589

25.     Psion repeats and incorporates by reference the entirety of its responses contained in Paragraphs 1-24 as if fully set forth herein.

26.     Psion admits that the '589 patent is, on its face, entitled " Identification Investigating and Ticket Issuing System."  Psion admits that the issue date on the face of the '589 patent is December 2, 2003.  Psion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and therefore denies same.

27.     Psion is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies same.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

*        *        *

Psion hereby denies each and every allegations of the Amended Complaint not specifically admitted herein.

### RAYLON'S PRAYER FOR RELIEF

Psion denies that Raylon is entitled to any of the relief sought in its prayer for relief or to any other relief.

### PSION'S DEFENSES

Psion denies there is any basis in fact, law, or equity for Plaintiff to obtain any relief against Psion.  Further, Psion asserts the defenses set forth below.  Psion reserves the right to assert any other defenses under the applicable laws and rules and to offer

additional defenses that cannot now be articulated due to Plaintiff's failure to particularize its claims and due to the need for further discovery regarding Plaintiff's claims.

34.     The claims of the '589 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     Psion has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '589 patent.

36.     Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable.  Indeed, Plaintiff has not alleged that it practices the claimed invention or that it makes or uses any products that compete with Psion. Moreover, even if Plaintiff establishes that Psion has infringed one or more valid, enforceable, and properly construed claims of the '589 patent (which Psion denies), remedies available at law are adequate to compensate Plaintiff, rendering an injunction or other equitable relief inappropriate.

37.     Psion cannot be liable for direct or contributory infringement because Psion itself does not sell law enforcement ticketing devices, and the devices Psion sells have substantial non-infringing uses.  Moreover, even if Plaintiff establishes that Psion has induced infringement of one or more valid, enforceable, and properly construed claims of the '589 patent (which Psion denies), Plaintiff may not recover damages from Psion with respect to sales prior to the filing of this lawsuit, which is when Psion first received notice of the '589 patent.

38.    Because the '589 patent went abandoned for failure to pay maintenance fees, Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 41(c)(2).

39.    Because of statements made, for example, during the prosecution of the '589 patent, Plaintiff is estopped from construing any valid and enforceable claims of the '589 patent in a manner that covers Psion products alleged to infringe the '589 patent. Plaintiff's claims are also barred by law and/or equity under the doctrines of, *inter alia*, estoppel and laches.

40.    Even if Plaintiff could establish that Psion has infringed one or more valid, enforceable, and properly construed claims of the '589 patent (which Psion denies), Psion is not subject to personal jurisdiction before this Court.

<u>**PSION'S PRAYER FOR RELIEF**</u>

WHEREFORE, Psion prays for the following relief:

A.    that this Court dismiss this case for lack of personal jurisdiction;

B.    that this Court adjudge and decree that Psion does not infringe valid and enforceable claims of the '589 Patent;

C.    that this Court adjudge and decree that the claims of the '589 patent are invalid and unenforceable;

D.    that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award Psion the costs of this action, including reasonable attorneys' fees and litigation expenses; and that this Court order all such further relief it deems just and appropriate.

Psion demands a trial by jury on all issues presented in its Answer so triable by jury.

Dated: May 10, 2010                            Respectfully submitted,

                                                        By: /s/ Collin Maloney
                                                        Otis  Carroll (TX Bar No. 03895700)
                                                        Collin Maloney (TX Bar No. 00794219)
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Fedserv@icklaw.com

James H. Wallace, Jr. (*pro hac vice*)
Brian H. Pandya (*pro hac vice*)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Psion Teklogix Corp.*

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system per Local Rule CV-5(a)(3) on this 10th Day of May 2010.

                                                    /s/  Collin Maloney
                                                    Collin Maloney