## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **RAYLON, LLC, a Texas Limited Liability Company,** | **C.A. No. 6:09-cv-355** **(Davis)** |
| **Plaintiff,** | **Jury Trial Demanded** |
| **vs.** | |
| **COMPLUS DATA INNOVATIONS, a New York Corporation; CASIO AMERICA, INC., a New York Corporation; and CASIO COMPUTER CO., LTD., a Japanese Corporation, FUJITSU AMERICA, INC., a Delaware corporation, FUJITSU JAPAN, LTD., a Japanese Corporation, PSION TEKLOGIX CORPORATION, a Delaware corporation, PSION TEKLOGIX, INC., a Canadian corporation,** | |
| **Defendants.** | |

## MOTION OF CASIO AMERICA, INC., CASIO COMPUTER CO., LTD., COMPLUS DATA INNOVATIONS, AND FUJITSU AMERICA, INC.  FOR RULE 11 SANCTIONS

Defendants Casio America, Inc., Casio Computer Co. Ltd. (collectively "Casio"),

Complus Data Innovations ("Complus"), and Fujitsu America, Inc. ("Fujitsu America") (all of

Casio, Complus, and Fujitsu America are herein referenced as "Defendants") file this motion for

sanctions against Plaintiff Raylon, LLC ("Raylon") under Rule 11 of the Federal Rules of Civil

Procedure.  Because Raylon's frivolous claim construction and infringement positions render its

patent infringement claims legally untenable, those claims violate Rule 11(b)(2).

Defendants respectfully request Rule 11 sanctions, including an award to Defendants by Raylon's counsel of all attorneys' fees and costs, and the dismissal of Raylon's complaint with prejudice.[1]

## I.      Introduction

Raylon's original and amended complaints (Exhibits A and B, respectively[2]) assert that certain of Defendants' products with Complus software infringe U.S. Patent No. 6,655,589 ("the '589 Patent," attached as Exhibit C).  The '589 Patent generally relates to handheld computers for issuing tickets.[3]

Defendants do not take a request for Rule 11 sanctions lightly.  Rather than seek sanctions at the outset, Casio warned counsel for Raylon about the Rule 11 implications of Raylon's position, and in this case Casio America, Inc. prepared and filed a motion for summary judgment, (Dkt #8), one day after its Answer.  Complus later filed a similar motion.  (Dkt #25.) The Fujitsu America products accused by Raylon of infringement are limited to those supplied to Complus, and, therefore, the arguments set forth in Complus's motion for summary judgment are the same as to the accused Fujitsu America products.  The motions establish that no products could literally or equivalently meet the "pivotally mounted" display limitation found in all three independent claims – a non-infringement position that applies to every Casio product in all three related cases.  (Dkt #8, Initial moving papers attached hereto as Exhibit D); *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997).

---

[1] As required by Rule 11, on June 21, 2010, Defendants served Raylon with a copy of this motion by Federal Express, and advised Raylon that unless its allegations were voluntarily dismissed within twenty one (21) days, the motion would be filed.

[2] The referenced exhibits are attached to the Declaration of Scott D. Stimpson submitted in support of this motion, which is attached hereto as Exhibit 1.

[3] This is one of three cases Raylon brought against Casio.  The other two cases are the *APS* case (case no. 6:09-cv-356) and the *EZ Tag* case (case no.6:09-cv-357).  Here, the accused instrumentalities are the Casio, Fujitsu, and Psion products with the software of Complus.

Defendants sincerely hoped that the summary judgment motions would prompt Raylon to rethink its frivolous allegations. But Raylon and its counsel continued to press on, costing Defendants many thousands of dollars in attorneys' fees. Accordingly, Defendants are left with no choice but to assert Rule 11.

## II.     The Law of Rule 11

Rule 11(b) provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . .
>
> . . . .
>
> (2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

"Rule 11 is aimed at curbing baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." *Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997). "A patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs – precisely the scenario Rule 11 contemplates." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).

The Federal Circuit applies regional-circuit law when determining whether Rule 11 has been violated. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). In the Fifth Circuit, to comply with Rule 11, "a litigant must harbor a subjective belief that his pleading is well-founded [and] this belief must also be ***objectively reasonable***." *Cesarani v. Graham*, 25 F.3d 1044, 1994 WL 261232, at *2 (5th Cir. 1994) (emphasis added; citing *Stites v. IRS*, 793 F.2d 618, 620 (5th Cir. 1986)); *see also Jenkins v. Methodist Hosps. of Dallas*, 478 F.3d

255, 264 (5th Cir. 2007) ("[T]he standard under which the attorney is measured [under Rule 11] is an objective, not subjective, standard of reasonableness under the circumstances." (quoting *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc))).  A district court has broad discretion in imposing appropriate sanctions for Rule 11 violations.  *Id.*

In the patent context, Rule 11(b)(2)'s requirement that all legal arguments be non-frivolous also applies to claim construction positions.  *Antonious*, 275 F.3d at 1072.   Rule 11 also requires an attorney to compare the accused device with the construed patent claims on an element-by-element basis before filing suit.  *Id.* at 1073-1074; *View Eng'g*, 208 F.3d at 986.

### III.    Raylon's Frivolous Infringement Positions

All of the claims in the patent require a housing and display and further require that the display be "pivotally mounted on said housing." '589 Patent, Exhibit C, claims 1, 16, 17.  The meaning of this phrase is self-evident – the display must be able to pivot with respect to the housing.  (*See also* Fig. 1 of the patent and col. 5, lines 58-61, Exhibit C).

The accused products all have a rigid, flatly fixed display – and unambiguously do not have any display which is pivotally mounted on the housing, or pivotally mounted to anything else.  Manuals for the accused Casio product and a brochure showing the accused Fujitsu America product are attached as Exhibits E (*e.g.*, p. 9), F (*e.g.*, p. 11), and G, respectively.  Representative examples of the Casio IT-3000 (left) and the Fujitsu TeamPad 500 (middle) are provided below, juxtaposed to the "pivotally mounted" display shown in the '589 Patent specification (element 39) (right):



Casio IT-3000         Fujitsu TeamPad 500         '589 Patent Specification

None of the accused products literally meet the display "pivotally mounted on said housing" element because all of the accused products have a display that is rigidly mounted to the housing.  And there can also be no infringement by equivalents as a matter of law because such a finding would require wholly vitiating the limitation requiring the display to be "pivotally mounted" on the housing, *see Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997), and because (as admitted by Raylon's expert) the option of a non-pivotally-mounted display is disclosed in the patent specification, *see Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054-55 (Fed. Cir. 2002) (en banc) (holding equivalents cannot cover disclosed but unclaimed subject matter).[4]

The lack of a pivotally mounted display, however, did not deter Raylon or its counsel. Indeed, Raylon and its counsel have even asserted that the Casio rigidly mounted display *literally* meets this "pivotally mounted" limitation because the device as a whole can be pivoted

---

[4] The prosecution history (without references) is attached as Exhibit L.  The Defendants are not here making any argument regarding prosecution history estoppel or disclaimer based on the prosecution, but the history is provided for the Court's reference.

in one's hand.  (*See* Raylon's oppositions to Casio's and Complus's summary judgment motions, Dkts ##12, 38, attached as Exhibits H (*see, e.g.*, p. 10) and I (*see, e.g.*, p. 12); *see also* Raylon Supplemental Infringement Contentions, p. 31-32, attached as Exhibit J.)

Defendants' bases for their Rule 11 motion are Raylon's original and amended complaints, and Raylon's oppositions to Casio's and Complus's summary judgment motions. The frivolous reasoning behind Raylon's allegations that rigidly mounted displays are "pivotally mounted" displays is shown in those papers. (Exhibits H and I.)  Raylon also submitted two "expert" declarations in support of those oppositions, (Exhibit H hereto at Exhibits 1 and 2; Exhibit I hereto at Exhibits 2 and 4), and it has provided a position paper in response to Casio's Rule 11 allegations (Exhibit K).

In its opposition papers, Raylon repeatedly misrepresented the claim language, often substituting "pivotable" in place of the claim language "pivotally mounted," and repeatedly quoting "pivotable" as if it was claim language.  (*See, e.g.*, Exhibit H, at 3 ("the determination of literal infringement will depend on the literal scope given to the *'pivotable'* claim limitation . . . ."); *id.* at 3-4 ("no amendments involving the *'pivotable'* limitation . . . ."); *id.* at 11 ("the *'pivotable'* display limitation at issue is literally met . . . ."); *id.* at 17 (heading D: alleged issues as to whether Casio has "A *'Pivotable'* Display" by equivalents); *see also* Exhibit H, at Exhibit 2, ¶19 ("The Examiner . . . did not emphasize the *'pivotable'* display limitation") (all emphases added).)

Thus, Raylon argued that the '589 Patent claims require merely that the display be capable of moving *relative to the viewer*.  (*See, e.g.,* Exhibit H at 2 ("the Casio display mounted on the housing can be dynamically moved, adjusted or pivoted *by the user holding the hand-held device to move, adjust or pivot the display's orientation to the user*") (emphasis added).)

In other words, Raylon's untenable position is that the "pivotally mounted on" limitation is satisfied if a person holding the Casio or Fujitsu America product with the rigidly mounted display can pivot the display manually by holding the *entire* device and moving a hand or arm.

Raylon's claim construction was (and is) frivolous and inconsistent with common sense and the '589 patent specification (*e.g.*, Exhibit C, Fig. 2 and col. 5, lines 58-61). It improperly—and baselessly—reads the "pivotally mounted" limitation entirely out of the claims. *See Warner-Jenkinson Co.*, 520 U.S. at 40.

Raylon's equivalents position is equally frivolous, as it effectively claims that any mounting is pivotally mounted. Under black letter law, Raylon's argument must fail. *See id.* at 39, n.8 (theories of equivalents may not "entirely vitiate" claim elements). Moreover, the pivotally mounted display is described in the specification as an option only, as Raylon's expert admitted. ('589 Patent, Exhibit C, col. 5, lines 58-61; Exhibit H, at Exhibit 2, ¶¶ 10-11.) The inventor therefore dedicated to the public the non-pivotally mounted display. This is yet another reason why no competent attorney could have an "objectively reasonable" belief of infringement. *See Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co., Inc.*, 285 F.3d 1046, 1054-55 (Fed. Cir. 2002) (*en banc*) (holding equivalents cannot cover disclosed but unclaimed subject matter).

Raylon and its counsel forge ahead in this case – undeterred by the claim language, or the Supreme Court and Federal Circuit binding precedent standing squarely in their path. All these extremely serious problems with Raylon's infringement claims were identified to Raylon in Casio's and Complus's summary judgment reply briefs (Exhibits M and N), but Raylon would not drop its infringement allegations. (*See, e.g.*, Raylon's Sur-reply to Complus's Motion for Summary Judgment, Exhibit O). The Raylon infringement allegations are not now, and never

have been, "objectively reasonable" and therefore Raylon has violated Rule 11(b). *Cesarani*, 1994 WL 261232, at *2.

## IV.     Rule 11 Sanctions

The Fifth Circuit has held that "the least severe sanction for a lawsuit that is wholly frivolous is the imposition of reasonable attorneys' fees and expenses." *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). Pursuant to Rule 11(c)(5), monetary sanctions for violations of Rule 11(b)(2) are to be imposed against the represented party's counsel. Accordingly, Defendants request that Raylon's counsel be held liable for Defendants' attorneys' fees and expenses in this case.

## V.     Conclusion

For the reasons set forth above, Defendants respectfully request an immediate dismissal with prejudice of Raylon's Original Complaint and Amended Complaint. Defendants also request their fees and expenses from the inception of this action from Raylon's counsel.

Dated: July 19, 2010

 /s/ *John C. Hardy*
John C. Hardy
Texas State Bar No. 08992500
john@hardylaw.com

HARDY & ATHERTON, P.C.
909 ESE Loop 323, Suite 750
Tyler, Texas 75701
Tel: 903-561-8400
Fax: 903-461-8228

Scott David Stimpson
*Pro Hac Vice*
sstimpson@sillscummis.com
Katherine M. Lieb
*Pro Hac Vice*
klieb@sillscummis.com

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500
ATTORNEYS FOR DEFENDANTS,
  CASIO AMERICA, INC. AND CASIO COMPUTER
  CO., LTD.

Dated: July 19, 2010

 /s/ *John R. Emerson*
John R. Emerson (with permission)
Texas State Bar No. 24002053
russ.emerson@haynesboone.com
Donald E. Tiller
Texas State Bar No. 24066197
don.tiller@haynesboone.com

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

John C. Hardy
Texas State Bar No. 08992500
john@hardylaw.com

HARDY & ATHERTON, P.C.
909 ESE Loop 323, Suite 750
Tyler, Texas 75701
Tel: 903-561-8400
Fax: 903-461-8228
ATTORNEYS FOR DEFENDANT,
COMPLUS INNOVATIONS, INC.

Dated: July 19, 2010          /s/ Christopher M. Joe
                              Christopher M. Joe (with permission)
                              Texas State Bar No. 00787770
                              Chris.Joe@BJCIPLaw.com

                              BUETHER JOE & CARPENTER, LLC
                              1700 Pacific - Suite 2390
                              Dallas, TX 75201
                              Tel: 214-466-1272
                              Fax: 214-635-1828
                              ATTORNEYS FOR DEFENDANT
                              FUJITSU AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the electronic case filing ("ECF") system of the U.S. District Court, Eastern District of Texas, as per Local Rule CV-5(a)(3), on July 19, 2010.

/s/ *John C. Hardy*
John C. Hardy

## CERTIFICATE OF CONFERENCE

The personal conference required by Local Rule CV-7(h) was conducted via telephone on June 21, 2010.  Counsel for Casio America, Inc. and Casio Computer Co., Ltd., Katherine Lieb, counsel for Complus Data Innovations, Russ Emerson, and counsel for Raylon, LLC, D. Scott Hemingway, participated.  The parties could not agree on whether the complaint should be dismissed, and thus, the discussions on this issue have conclusively ended in an impasse.  Raylon opposes this motion.

/s/ *John C. Hardy*
John C. Hardy